07-4483-cr
USA v. Muse (Hussein)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of March, two thousand and ten.

Present: JOHN M. WALKER, JR.,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

———————————————————————————————————————————————

UNITED STATES OF AMERICA,
                  *Appellee-Cross-Appellant,*

                              Nos. 07-4483-cr (L), 07-
                              4539-cr (Con), 07-5060-cr
                              (XAP), 07-5067-cr (Con),
         - v. -              07-5068-cr (XAP), 07-5758-
                              cr (Con), 08-1581-cr (Con),
                              08-1615-cr (Con), 08-1629-
                              cr (Con), 08-1640-cr (Con)

ALI AWAD, ABDI EMIL MOGE,
ABDULAHI HUSSEIN,
                  *Defendants-Appellants-Cross-Appellees,*

BASHI MUSE, OSMAN OSMAN,
ABDINUR AHMED DAHIR,
ALI DUALEH, OMER ALI ABDIRIZAH,

1

MOHAMED AHMED, SAEED BAJUUN,
SOFIA ROBLES, ISSE ALI SALAD,
HASSAN SADIQ MOHAMED, LIBAN HASHI,
BASHIR AHMED, MOHAMED ALI,
AHMED ISMAIL, AHMED SHERIF HASHIM,
MAXAMED ABSHAR, ABSIR AHMED,
LIBAN ABDULLE, ISMACIIL GEELE,
MOHAMED ABDILLAHI MOHAMED,
ISMAIL ALI MOHAMED, MOHAMED SHIREH,
DEKO OHERSI, ABDUL HERSI,
WELI MOHAMED ABDI, WARFA ABDI DIRIE,
HASSAN YUSUF, MAHAMUD AFDHUB,
WARSAME GULED, ISSE ABDIWAAB,
YOUNAS HAJI, MOHAMED MOHAMED,
ABDIAZIS SALEH MOHAMED,
OMAR OSMAN MOHAMED,

                *Defendants*,

MOHAMED JAMA, AHMED M. EGAL,
DAHIR ABDULLE SHIRE,
MUHIDIN MOHAMED,

                *Defendants-Appellants*.

————————————————————————————————————————————————————

| | |
|---|---|
| Appearing for Appellee-<br>Cross-Appellant: | DANIEL L. STEIN, Assistant United States Attorney, United States Attorney's Office, S.D.N.Y., New York, New York; ANJAN SAHNI, Assistant United States Attorney, United States Attorney's Office, S.D.N.Y., New York, New York. |
| Appearing for Appellant-<br>Cross-Appellee Awad: | MICHAEL O. HUESTON, Law Office of Michael O. Hueston, New York, New York. |
| Appearing for Appellant-<br>Cross-Appellee Moge: | ROBERT J. BOYLE, Law Office of |

Robert, J. Boyle, Esq., New York, New York.

Appearing for Appellant-Cross-Appellee Hussein:

NEIL B. CHECKMAN, Law Office of Neil B. Checkman, Esq., New York, New York.

Appearing for Appellant Shire:

LAURIE S. HERSHEY, Law Office of Laurie S. Hershey, Esq., Manhasset, New York.

Appearing for Appellant Jama:

ROBIN C. SMITH, Law Office of Robin Smith, Brooklyn, New York.

Appearing for Appellant Mohamed:

MARTIN R. STOLAR, Law Office of Martin R. Stolar, Esq., New York, New York.

Appearing for Appellant Egal:

HOWARD L. JACOBS, Law Office of Howard L. Jacobs, Esq., New York, New York.

Appearing for Appellant-Cross-Appellees on Cross-Appeal:

NEIL B. CHECKMAN, Law Office of Neil B. Checkman, Esq., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Cote, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Ali Awad, Abdi Moge and Abdulahi Hussein appeal, and the United States cross-appeals, from judgments of conviction, entered as to Hussein and Moge on October 11, 2007, and entered as to Awad on October 15, 2007, in the United States District Court for the Southern District of New York. Mohamed Jama, Ahmed Egal, Dahir Abdulle Shire, and Muhidin Mohamed appeal from judgments of conviction, entered as to Jama and Shire on April 1, 2008, and as to Egal and Mohamed on April 2, 2008, in the United States District Court for the Southern District of New York. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendants were charged with violations of federal drug and money laundering statutes in connection with a

4

conspiracy to import and distribute cathinone in a form commonly known as khat. Khat is a plant that is grown in various African countries; its leaves are chewed for their stimulant effect. Khat is not a controlled substance, but cathinone, a constituent of the khat plant, is a Schedule I controlled substance. *United States v. Abdulle*, 564 F.3d 119, 125 (2d Cir. 2009).

At the first trial, a jury convicted Awad, Moge, and Hussein of conspiracy to distribute cathinone under Count One of the Indictment, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846; convicted Awad and Moge of conspiracy to import cathinone under Count Two of the Indictment, 21 U.S.C. §§ 952(a), 963; and convicted Moge of conspiracy to commit money laundering under Count Three of the Indictment, 18 U.S.C. § 1956(h). In response to a special interrogatory, the jury concluded that the government did not prove beyond a reasonable doubt that the conspiracy succeeded in distributing cathinone.

At the sentencing proceeding following the first trial, the district court concluded that, in light of the jury's answer to the special interrogatory, the maximum sentence it

5

could impose on Count One was 12 months' imprisonment.  The court sentenced Awad to 12 months' imprisonment for his conviction pursuant to Count One, 121 months' imprisonment for his conviction under Count Two, to be served concurrently, and three years of supervised release to follow his term of imprisonment.  The court sentenced Moge to 12 months' imprisonment on Count One and 121 months' imprisonment on Counts Two and Three, all to be served concurrently, to be followed by three years of supervised release.  The district court also entered forfeiture orders against Awad and Moge pursuant to 21 U.S.C. § 853(a).[1]  The court sentenced Hussein to 12 months' imprisonment on Count One, to be followed by one year of supervised release.

At a second trial, Jama, Shire, and Mohamed were convicted by a jury under Counts One and Two of the Indictment.  Egal was convicted by the jury under Count One of the Indictment — the only Count on which he was indicted.  The district court sentenced Jama and Shire to 15 months' imprisonment on Counts One and Two, to be served

---

[1] We resolve the challenge to forfeiture orders imposed by the district court in a separate per curiam opinion filed today.

concurrently, to be followed by three years of supervised release.  The court sentenced Mohamed to 51 months' imprisonment on Counts One and Two, to be served concurrently, to be followed by three years of supervised release.  Egal was sentenced to 15 months' imprisonment for his conviction under Count One, to be followed by three years of supervised release.

As an initial matter, at oral argument, defendants conceded, as they must, that this Court's decision in *United States v. Hassan*, 578 F.3d 108 (2d Cir. 2008), is controlling with respect to their claim that, as applied, the Controlled Substances Act ("CSA") is unconstitutionally vague and fails to provide fair notice of what conduct it makes criminal.  As we held in *Hassan*, "what saves the statute at issue here — the CSA as it relates to khat — from constitutional trouble is the fact that scienter is required for a conviction."  *Id.* at 120.  Indeed, in an opinion issued prior to our decision in *Hassan*, the district court properly noted that "[w]hen a compound is listed as a Schedule I controlled substance, that listing 'automatically put[s] the public on clear notice that those chemicals . . .

7

would be treated for the purposes of federal law as a Schedule I controlled substance.'" *United States v. Muse*, No. 06-Cr.-600 (DLC), 2007 WL 391563, at *2 (S.D.N.Y. Jan. 30, 2007) (quoting *United States v. Roberts*, 363 F.3d 118, 124 n.3 (2d Cir. 2004)).

Defendant Jama moved to suppress evidence that was obtained as a result of his arrest, which he contends was not supported by probable cause. The district court found that the circumstances surrounding Jama's arrest provided reasonable cause to conclude that an offense was being committed. *United States v. Muse*, No. 06-Cr.-600 (DLC), 2007 WL 781200, at *1-2 (S.D.N.Y. Mar. 16, 2007); *see also United States v. Patrick*, 899 F.2d 169, 171-72 (2d Cir. 1990). For substantially the reasons stated by the district court, we agree.

In the applications it submitted to conduct electronic surveillance, the government incorrectly stated that the targets of the surveillance were engaged in narcotics trafficking and incorrectly described the controlled substance as khat. Consequently, defendants moved to suppress the evidence obtained through the wiretaps on the

8

grounds that it was obtained in violation of 18 U.S.C. § 2518 and in violation of the Fourth Amendment. The district court denied the joint motion to suppress the evidence gathered through the wiretaps. *United States v. Muse*, No. 06-Cr.-600 (DLC), 2007 WL 853437, at *6 (S.D.N.Y. Mar. 21, 2007). We affirm for reasons stated in the district court's decision. We also agree with the district court's reasons for denying a motion for reconsideration of its decision with respect to the evidence obtained from the wiretaps. *United States v. Muse*, No. 06-Cr.-600 (DLC), 2007 WL 1536704, at *2-4 (S.D.N.Y. May 29, 2007); *see also United States v. Morgan*, 385 F.3d 196, 206 (2d Cir. 2004); *United States v. Awadallah*, 349 F.3d 42, 64-65 (2d Cir. 2003).

Defendants Awad and Moge both challenge the admission of statements made by Awad pursuant to Federal Rule of Evidence 403. We affirm the district court's decision to admit these statements because the district judge was within her "wide discretion" in balancing the probative value of the evidence against the potential for unfair prejudice. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (internal quotation marks omitted). Similarly, the

9

district court acted within its discretion in permitting the government to introduce evidence at trial of Mohamed's criminal acts that predate the beginning of the conspiracy charged in the Indictment. *See United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007).

With respect to defendants' challenge to the sufficiency of the evidence, we conclude that defendants have not satisfied their burden to demonstrate that the evidence presented to establish their knowledge was insufficient as a matter of law. Based on the evidence presented, a rational trier of fact could have properly found that the essential element of scienter was proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Several defendants contend that the evidence was insufficient for the juries to find a single conspiracy. The juries at both trials were given instructions on multiple conspiracies. "Whether the government has proved a single conspiracy or has instead proved multiple other independent conspiracies is a question of fact for a properly instructed jury." *United States v. Aracri*, 968

10

F.2d 1512, 1519 (2d Cir. 1992) (internal quotation marks omitted).  The jury verdict, finding a single conspiracy as charged, was adequately supported by the evidence.

Defendants maintain that the district court's instructions to the jury were in error.  We disagree. "[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is sufficient that he be aware that he possesses some controlled substance."  *Abdulle*, 564 F.3d at 125 (alteration omitted) (quoting *United States v. Morales*, 577 F.2d 769, 776 (2d Cir. 1978)).  The district court properly instructed the juries that the government "need prove only that the object of the conspiracy was to distribute some controlled substance *or* to possess some controlled substance with the intent to distribute it." *United States v. Muse*, No. 06-Cr.-600 (DLC), 2007 WL 1989313, at *6 (S.D.N.Y. July 3, 2007) (emphasis in original).  The district court further clarified its instruction by noting that, in order to meet its burden, the government was required to prove that the defendants possessed khat knowing that it contained a regulated

11

substance. *Id.* at *7; *see also Abdulle*, 564 F.3d at 126. Moreover, the district court stated that neither khat nor cathine is a controlled substance, which left cathinone as the only controlled substance upon which the jury could have based its conviction.

Defendant Mohamed separately raises two objections to the district court's jury instructions. First, he argues that the conscious avoidance charge was improperly given to the jury. Second, he asserts that the court erred in refusing to give an instruction regarding the public authority defense. Both of these contentions lack merit.

This Court has held that "[w]hen a defendant charged with knowingly possessing contraband items takes the stand and admits possession of the contraband but denies having known of the nature of the items, a conscious avoidance charge is appropriate in all but the highly unusual — perhaps non-existent — case." *United States v. Aina-Marshall*, 336 F.3d 167, 171 (2d Cir. 2003). That principle is applicable to the case at bar because Mohamed admitted possessing khat but denied any knowledge that it contained a controlled substance.

The district court also properly concluded that the evidence presented to support a public authority defense was insufficient as a matter of law. *See United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997). Further, failure to give the instruction at issue does not provide a basis for overturning the conviction because the requested instruction does not "represent[] a theory of defense with basis in the record that would lead to acquittal." *United States v. Doyle*, 130 F.3d 523, 540 (2d Cir. 1997) (internal quotation marks omitted).

The government's cross-appeal is based on the district court's conclusion that the maximum sentence that it could impose on defendants Awad, Moge, and Hussein for Count One of the Indictment was one year. The government argues, and we agree, that because cathinone is a Schedule I controlled substance, the statutory maximum sentence is 20 years. *See* 21 U.S.C. § 841(b)(1)(C).

Cathinone was the only controlled substance charged in Count One of the Indictment; therefore, there was no danger that defendants' sentence would be based on a fact that had not been submitted to the jury and proven beyond a

13

reasonable doubt.  *Cf. Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  Indeed, although there was testimony about cathine, another stimulant contained in the khat plant, at trial, the district court specifically instructed the jury that cathine is not a controlled substance.  There was no risk that defendants would be subjected "to a greater punishment than that authorized by the jury's guilty verdict."  *See United States v. Gonzalez*, 420 F.3d 111, 123 (2d Cir. 2005) (quoting *Apprendi*, 530 U.S. at 494).

The fact that the jury's answer to the special interrogatory indicated that the government did not prove beyond a reasonable doubt that the conspiracy succeeded in distributing cathinone has no legal relevance to defendants' sentence because, under the law, the existence of a conspiracy does not depend on its success.  *See United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003).  In vacating the sentence imposed under Count One with respect to Awad, Moge, and Hussein, we express no view on the sentence that should be imposed by the district court.[2]

---

[2] We note in this respect that as to two of the defendants, the district court made the sentences run concurrently with sentences on other counts.

Rather, we remand solely so that defendants can be sentenced pursuant to the proper statutory provision.

Defendants Awad and Moge contend that the district court improperly made their national origin a basis for their sentences. In *United States v. Kaba*, we cautioned that "[i]t has long been settled in this Circuit that although [r]eference to national origin . . . is permissible during sentencing, it is allowed only so long as it does not become the basis for determining the sentence." 480 F.3d 152, 156 (2d Cir. 2007) (internal quotation marks omitted and alteration in original). We conclude that the record does not support a finding that the district court in fact relied on defendants' national origin in imposing their sentences. Nevertheless, we caution against creating "even the appearance that the sentence reflects a defendant's race or nationality." *United States v. Leung*, 40 F.3d 577, 586 (2d Cir. 1994).

The Court has reviewed defendants' remaining arguments and finds them to be without merit. The judgment of the district court is hereby **AFFIRMED** in part and **VACATED** and **REMANDED** in part so that the district court can sentence

15

defendants Awad, Moge, and Hussein for their convictions pursuant to Count One of the Indictment in a manner consistent with this order.

                                    For the Court
                                    Catherine O'Hagan Wolfe, Clerk