11-1029 (L)
United States v. Moge

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT: DENNIS JACOBS,
                                    <u>Chief Judge</u>,
                GUIDO CALABRESI,
                ROSEMARY S. POOLER,
                                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

     *Appellee*,


     -v.-                                   11-1029(L)
                                                   11-1072(CON)
                                                   11-1627(CON)
ABDI EMIL MOGE, AKA Abdi Ilmoge, ALI
AWAD, AKA Alex, AKA Ali Osman,

     *Defendants-Appellants*,

BASHI MUSE, OSMAN OSMAN, ABDINUR AHMED
DAHIR, AKA Abdiqadir Husserin, ALI

1

DUALEH, AKA Xidig, OMER ALI ABDIRIZAK, AKA Abdulrazak, AKA Antenno, MOHAMED AHMED, AKA Mohammad Sharif, AKA Haloween, SAEED BAJUUN, AKA Saeed Ahmed, YASIR MOHAMED, AKA Nadif, SOFIA ROBLES, AKA Marcus, ISSE ALI SALAD, DAHIR ABDULLE SHIRE, AKA Harato, MOHAMED ABDILLAHI MOHAMED, AKA Garad, ABDULKADIR SHIRE, AKA Fanah, ISMAIL ALI MOHAMED, MOHAMED JAMA, AKA Ali Bidar, AKA Mohamed, HASSAN SADIQ MOHAMED, AKA Cacal, MUHIDIN MOHAMED, LIBAN HASHI, BASHIR AHMED, MOHAMED ALI, AKA Will Isse, AHMED ISMAIL, AKA Bistollo, ABDULAHI HUSSEIN, HASHIM SHERIF HASHIM, MAXAMED ABSHAR, HUSSEIN AHMED MOHAMED, ABSHIR AHMED, AKA Liban, LIBAN ABDULLE, ISMACIIL GEELE, AHMED MOHAMOUD EGAL, AKA Arabey, MOHAMED SHIREH, DEKO HERSI, AKA Deqa, AKA Deko Ohersi, ABDUL HERSI, AKA Hurwa, WELI MOHAMED ABDI, AKA C.O. Shine, WARFA ABDI DIRIE, AKA Jeri Hassan Yusef, MAHAMUD AFDHUB, WARSAME GULED, ISSE ABDIWAAB, AKA Numberka, YOUNAS HAJI, MOHAMED MOHAMED, TEGRO, ABDIAZIS SALAH MOHAMED, AKA Alcohol, OMAR OSMAN MOHAMED,

   *Defendants*.


- - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT MOGE:** | Robert J. Boyle, Law Office of Robert J. Boyle, New York, NY |
| **FOR APPELLANT AWAD:** | Michael O. Hueston, Law Office of Michael O. Hueston, New York, NY |

2

**FOR APPELLEE:**                    Rahul Mukhi, Justin S. Weddle,
                                    Assistant United States
                                    Attorneys, <u>for</u> Preet Bharara,
                                    United States Attorney,
                                    Southern District of New York,
                                    New York, NY

Appeal from judgments of the United States District Court for the Southern District of New York (Cote, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgments are **AFFIRMED**.

Abdi Emil Moge and Ali Awad appeal from judgments entered in the United States District Court for the Southern District of New York resentencing each of them, following this Court's remand in <u>United States v. Awad</u>, 369 Fed. App'x 242 (2d Cir. 2010) (summary order) ("<u>Awad I</u>"), to a term of imprisonment of 84 months for conspiracy to distribute and to possess with intent to distribute a controlled substance. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The defendants argue that the district court erred in concluding that its mandate was limited to resentencing them on the conspiracy to distribute count ("Count One"), and that it should have resentenced them <u>de novo</u> on all counts for which they were convicted. Whether the district court misinterpreted its sentencing authority is a question of law which we review <u>de novo</u>. <u>See</u> <u>United States v. Hurtado</u>, 47 F.3d 577, 585 (2d Cir. 1995).

The district court was correct to resentence the defendants only on Count One. When an appellate court remands based on a sentencing error as opposed to a conviction error, the default rule is that the district court should engage in limited resentencing confined to addressing the particular error identified by the appellate court. <u>See</u> <u>United States v. Rigas</u>, 583 F.3d 108, 115 (2d Cir. 2009); <u>United States v. Quintieri</u>, 306 F.3d 1217, 1228 (2d Cir. 2002). In <u>Awad I</u>, we remanded this case for resentencing because the district court had misinterpreted

the maximum statutory sentence permissible on Count One.  We remanded expressly "so that the district court can sentence defendants . . . for their convictions pursuant to Count One of the Indictment in a manner consistent with this order." Awad I, 369 Fed. App'x at 247.  The mandate was thus plainly limited to resentencing the defendants on Count One alone.

     None of the exceptions to the default rule of limited resentencing to correct sentencing errors apply in this case.  The remand in Awad I did not "undo[] the entire knot of calculation" underlying the defendants' sentences so as to require de novo resentencing on all counts. Quintieri, 306 F.3d at 1228 (internal quotation marks omitted).  The applicable Guidelines ranges were unaffected, and the defendants' sentences on the other counts were entirely independent of their sentences on Count One.  Nor is this a case in which a sentencing issue "had no practical effect on a defendant's sentence at the original sentencing but becomes relevant only after appellate review."  Id. at 1229. The sentencing issue which the defendants now seek to raise--the disparity between their sentences and those of other similarly situated defendants--was specifically argued at their original sentencing and rejected by the district court.  It was also argued on appeal and rejected in Awad I. Finally, there are no "cogent and compelling reasons," such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" that would require de novo resentencing in this case.  Id. at 1230 (internal quotation marks omitted).

     We have considered the defendants' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED**.


                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK

4