Stanley G. WELSH et al.

v.

Richard L. KINCHLA et al.

Civ. A. No. 73–551–C.

United States District Court,
D. Massachusetts.

Jan. 24, 1975.

Harrison A. Fitch, Dennis M. O'Dea, Boston, Mass., for plaintiffs.

Gerald M. Saxe, Falmouth, Mass., for defendants.

## MEMORANDUM and ORDER

CAFFREY, Chief Judge.

This is a civil action for declaratory and injunctive relief. The case arises out of a prejudgment attachment of plaintiffs' real estate by defendants which was made without affording plaintiffs notice or an opportunity to be heard by a judicial officer as to the existence of an alleged indebtedness of plaintiffs to defendants which underlies the attachment. Jurisdiction of this court is invoked under 28 U.S.C.A. §§ 1343(3) and 1343(4), and 28 U.S.C.A. §§ 2281 and 2284.

Plaintiffs are Stanley G. Welsh, a resident of the State of New York, and Marjorie W. Whittemore, a resident of the State of Florida. Defendant Richard L. Kinchla is a resident of Massachusetts and defendant Richard L. Kinchla Real Estate, Inc. is a corporation organized under the laws of Massachusetts. Prior to the filing of the instant case in this court, Kinchla Real Estate filed an action against Welsh and Whittemore in the Barnstable County Superior Court, returnable January 1, 1973, and Richard L. Kinchla filed a separate civil action against Welsh and Whittemore in the Barnstable County Superior Court returnable February 5, 1973.

The matter came before this court on the basis of plaintiffs' motion for partial summary judgment in the nature of an order declaring the real estate attachments made in connection with the Barnstable County Superior Court litigation to be void for lack of prior notice and opportunity to be heard. The motion is based on plaintiffs' contention that a three-judge court, in Bay State Harness Horse Racing and Breeding Ass'n., Inc. v. PPG Industries, Inc., 365 F.Supp. 1299 (D.Mass.1973), declared the Massachusetts statutes (Mass. G.L. ch. 223, §§ 42 and 62–66) authorizing prejudgment attachment of real estate without prior notice unconstitutional because those statutes violate rights secured to the owners of real estate under the due process clause of the Fourteenth Amendment. Plaintiffs participated in the *Bay State Harness* case as *amici curiae* and the court provided that the

judgment entered by the three-judge court was applicable:

"(1) to the parties in the cases at bar, including parties in cases not heard orally but who have participated as *amici curiae* in the proceedings before the court, and . . . [f]inally, the cases at bar and those cases wherein parties have participated in these proceedings as *amici curiae* are remanded to the respective judges to whom the cases were assigned upon the filing thereof, for consideration of any remaining issues."

365 F.Supp. at 1307.

In view of the fact that the three-judge court made its ruling applicable to this case, plaintiffs seek a partial summary judgment herein on the constitutional issue. Defendants advised this court at a hearing held on September 24, 1973 that the *Bay State Harness* case "is not germane . . . because in this case before you the plaintiffs in this matter are out-of-state defendants," and that "there is now no other way to get jurisdiction over the out-of-state defendants." Counsel for Kinchla also advised the court "The only way under our statutes as they are now enacted, to get jurisdiction over them, is to attach their property. Therefore, the *Bay State* case has no reference."

In a brief filed November 18, 1974, counsel for Welsh and Whittemore make the representation that Welsh and Whittemore were described as residents of Massachusetts in the writs served by defendants in the Superior Court, and that service of process on them in the state court was the typical "last and usual" service which was, in fact, made at the Cotuit residence of Welsh and at the Falmouth residence of Whittemore. Counsel for Welsh and Whittemore further represent that at no time during the pendency of the Superior Court cases did Welsh and Whittemore file any document describing themselves, or either of them, as non-residents of Massachusetts. They also advised that, in fact, both Welsh and Whittemore not only did not contest the validity of the "last and usual" service of process upon them, but entered general appearances in the Superior Court actions. Finally, counsel advised this court that the personal jurisdiction of the state court over Welsh and Whittemore has never been challenged or raised as an issue by them in that court and counsel concedes that an attempt to do so would be fruitless because they are both subject to the provisions of the "long arm" statute. The factuality of the preceding representations has not been challenged by counsel for Kinchla. The writ and return of service in both of the Superior Court cases are appended as exhibits to the brief filed herein by counsel for Welsh and Whittemore.

The opinion filed by Judge Murray for the three-judge court indicated that attachments made to acquire quasi in rem jurisdiction where the Massachusetts courts cannot otherwise obtain in personam jurisdiction might pass constitutional muster although made without prior notice and an opportunity to be heard. In the instant case quasi in rem jurisdiction was not necessary to perfect the jurisdiction of the Barnstable County Superior Court. Consequently, it is

ORDERED: the attachments involved herein must be, and hereby are, declared invalid on the basis of the ruling of the three-judge court cited above.