LEVIN H. CAMPBELL, Circuit Judge.
Plaintiffs filed this suit under 42 U.S.C. § 1983 on February 21, 1973, seeking relief for an alleged violation of federal due process rights resulting from an ex parte attachment of real estate pursuant to procedures then sanctioned by Massachusetts law. At about that time plaintiffs also joined as amici curiae in a suit pending before a three-judge district court challenging the constitutionality of the Massachusetts attachment law. On August 7, 1973, the three-judge court declared Massachusetts’ attachment statute to be invalid. While the judgment was prospective as to others, it provided for relief to the immediate parties including amici. Bay State Harness Horse Racing and Breeding Ass’n, Inc. v. PPG Industries, Inc., 365 F.Supp. 1299 (D.Mass.1973). The court below thereupon enjoined the attachment of plaintiffs’ property and retained jurisdiction for the purpose of considering other relief. Welsh v. Kinchla, 386 F.Supp. 913 (D.Mass.1975). A trial on the issue of damages was held on September 19, 1977, and at the close of plaintiffs’ case defendants moved for a directed verdict. The district court took the case under advisement, and on October 13, 1977, granted the motion and dismissed the complaint. Plaintiffs appeal.
At the time of the challenged attachments plaintiffs owned some 500 acres on Cape Cod. They agreed to sell the tract only to learn that defendant Richard L. Kinchla Real Estate, Inc., had made an attachment, returnable on January 1, 1973, in the sum of $350,000. The corporation did not pursue the first attachment, but Kinch-la, in his individual capacity, filed an action for $225,000 in the Barnstable County Superior Court on January 2, 1973, pursuant to which he made a second attachment of the same property. Both attachments were made in conformity with Mass.Gen. Laws ch. 223, §§ 42, 62-66, by recording a copy of the writs with the Registry of Deeds of Barnstable County.
Because the attachments authorized under the Massachusetts statute took effect without notice or hearing being afforded to the owner of the real estate, the Bay State court held that §§42 and 62-66 violated the due process clause of the Constitution as interpreted by Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In line with other decisions applying Fuentes to pretrial attachment statutes, the court limited the effect of its judgment to parties before the court, parties in similar suits then pending, and attachments entered after the date of its order. Id. at 1307; see Gunter v. Merchants Warren Nat’l Bk., 360 F.Supp. 1085 (D.Me.1973); Schneider v. Margossian, 349 F.Supp. 741 (D.Mass.1972); cf. Higley Hill, Inc. v. Knight, 360 F.Supp. 203 (D.Mass.1973). The three-judge court made no reference to the prospect of parties enjoying the benefits of its judgment also maintaining an action for damages.
Most of the evidence submitted at the damages trial in the instant case concerned *769 the extent of the consequential injuries caused plaintiffs by the attachments. There was no question but that defendants had followed the Massachusetts statute, which had not been declared unconstitutional at the time of the attachments. On the basis of defendants’ reliance bn the Massachusetts statute, the district court granted a directed verdict against plaintiffs-, citing decisions in the Second, Third, and Tenth Circuits holding that damages are not collectible under § 1983 against a private party who follows a statutory prejudgment attachment procedure presumed to be constitutional. See Kacher v. Pittsburgh Nat’l Bk., 545 F.2d 842 (3d Cir. 1976); Tucker v. Maher, 497 F.2d 1309 (2d Cir.), cert. denied, 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974); Rios v. Cessna Finance Corp., 488 F.2d 25 (10th Cir. 1973).
We affirm. A plaintiff must prove malice when the wrong alleged to have been committed by a private party involves the institution of legal proceedings against the plaintiff. Madison v. Manter, 441 F.2d 537, 538 (1st Cir. 1971); see G. H. McShane Co., Inc. v. McFadden, 554 F.2d 111, 114 (3d Cir.), cert. denied, 434 U.S. 851, 98 S.Ct. 178, 54 L.Ed.2d 129 (1977); Tucker v. Maher, supra, 497 F.2d at 1315. The rule appears to be grounded on a recognition that a layman, ordinarily presumed to know the requirements of the law, cannot be expected to observe all the rules of which he might run afoul when affirmatively invoking the legal process. Cf. W. Prosser, Law of Torts § 120, at 854 (1971). In light of these authorities, a plaintiff alleging a violation of his civil rights through a wrongful invocation of legal proceedings against him must, to obtain damages, prove more than the use of an attachment procedure which, although under attack in the courts as violative of recent Supreme Court interpretations of due process, had not yet been declared invalid. The plaintiff must show some kind of ulterior motive on the part of the defendant or other evidence of wrongfulness sufficient to establish malice. Neither the pleadings nor proof in this case indicate malice on the part of defendants; their wrong was at most a failure to predict the future course of the law.

Affirmed.