**UNITED STATES of America, Appellee,**

v.

**Ghazi Saad KAIROUZ, Defendant, Appellant.**

**No. 84–1458.**

United States Court of Appeals, First Circuit.

Argued Nov. 8, 1984.

Decided Jan. 10, 1985.

Susan L. Crockin, Boston, Mass., for defendant, appellant.

Oliver C. Mitchell, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Chief Judge, McGOWAN,[*] Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TORRUELLA, Circuit Judge.

The issue presented by this case is a novel one in this Circuit, but not one which should detain us unduly.

Appellant arrived in Boston airport on a flight from Great Britain. After an appropriate search by the U.S. Customs authorities, five pounds of heroin were found concealed in an apron and girdle strapped to his waist. He was arrested, charged, and convicted of two counts: importation "of heroin, a Schedule I controlled substance," [21 U.S.C. § 952(a)], and "possess[ion] with intent to distribute heroin, a Schedule I controlled substance." [21 U.S.C. § 841(a)(1)]. Appellant's defense throughout the proceedings was that he was under the erroneous assumption that he was carrying cocaine rather than heroin. To such effect, counsel for the defense requested an instruction that appellant be

[*] Of the District of Columbia Circuit, sitting by designation.

acquitted if the jury found that he was under the mistaken belief that he was carrying cocaine rather than heroin. This request was denied and the court instructed the jury that if defendant "intend[ed] to bring a controlled substance [into the United States] and intend[ed] to distribute a controlled substance, it does not matter that ... [he has] made a mistake about what controlled substance it happen[ed] to be." [1]

There is, of course, no issue regarding the fact that both cocaine and heroin are controlled substances within the meaning of schedules I and II of the Comprehensive Drug Abuse Prevention and Control Act of 1970. *See* 21 U.S.C. § 812(c) sched. I(b)(10) (listing heroin as a controlled substance); *United States v. Umentum,* 401 F.Supp. 746 (E.D.Wis.1975) (cocaine is schedule II narcotic drug under provision relating to any "salt, compound, derivative, or preparation of coca leaves"), *aff'd,* 547 F.2d 987, 988 (7th Cir.1976), *cert. denied,* 430 U.S. 983, 97 S.Ct. 1677, 52 L.Ed.2d 376 (1977); *Naval v. United States,* 278 F.2d 611 (9th Cir.1960) (heroin is a derivative of opium and hence a narcotic drug). Additionally, the importation and/or distribution of either substance are penalized to the same extent with a maximum sentence of 15 years imprisonment and/or a $25,000 fine, as well as special parole terms of 3 years if imprisonment is imposed. *See* 21 U.S.C. § 841(b)(1)(A).

We look to the statutory language to determine whether the distinction claimed by appellant is merited. What the language of both sections 841(a)(1) and 952(a) clearly prohibits is specified intentional conduct regarding *all* controlled substances listed in schedules I and II.[2] What is of essence to establish this element of the offense is that the substance be controlled within the meaning of schedules I and II, *not which* one of the proscribed substances it happens to be. If there is, in fact, illegal *animus* to import and/or distribute *any* of proscribed substances, an offense within the meaning of these sections is established.

This result is particularly appropriate when we consider that, as previously indicated, violation of the sections in question as regards either heroin or cocaine are penalized by the law in exactly the same manner.[3] If appellant was placed in an untenable predicament it was by virtue of his importing and attempting to distribute a controlled substance, not because it was one controlled substance rather than another.

Other Circuits considering this question have reached a similar conclusion: *United States v. López-Martínez,* 725 F.2d 471, 475 (9th Cir.1984); *United States v. González,* 700 F.2d 196, 201 (5th Cir.1983); *United States v. Morales,* 577 F.2d 769 (2d Cir.1978); *United States v. Restrepo-Granda,* 575 F.2d 524, 527 (5th Cir.1978), *cert. denied,* 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978). *Cf. United States v. Jewell,* 532 F.2d 697, 698 (9th Cir.) (en banc), *cert. denied,* 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976).

---

**1.** The Court gave full and comprehensive instructions regarding the essential element of specific intent, but the quoted instruction is the one directly in contention.

**2.** 21 U.S.C. § 841(a)(1) states:
(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
. (1) to manufacture, distribute, or dispense, ... *a controlled substance;* ....
(Emphasis supplied).
Likewise 21 U.S.C. § 952(a) reads:
(a) It shall be unlawful to import into the customs territory of the United States from any place outside therefore (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II, subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter, except that.... (Emphasis supplied).

**3.** We leave for another day whether a different result would be reached if different penalties attached to the importation and/or attempted distribution of different substances. *Cf. United States v. López-Martínez,* 725 F.2d 471, 475 (9th Cir.1984) (fact that penalties attaching to conviction for importing or possessing heroin are different from those for marihuana is immaterial in this context).

In *López-Martínez, supra*, the defendant was charged with "knowingly and intentionally" importing and possessing heroin with intent to distribute it. Throughout the trial the defendant maintained that he had not known the contents of the package that he imported, but that he suspected it to be marihuana. He thus could not, the defendant argued, be convicted of *knowingly* importing or possessing heroin, and requested jury instructions to that effect.

The trial judge, however, instructed the jury that a conviction would be proper if they found that the defendant had knowingly imported and possessed with intent to distribute a controlled substance, even though he may not have known what particular controlled substance it was.

The Ninth Circuit endorsed this instruction and upheld the conviction, citing the principle that "a defendant who has knowledge that he possesses a controlled substance may have the state of mind necessary for conviction even if he does not know which controlled substance he possesses." *López-Martínez, supra* at 474 (quoting *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir.) (en banc), *cert. denied*, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976)).

The Second and Fifth Circuits have adhered to this same principle in two recent decisions. In *González, supra*, the Fifth Circuit stated: "[T]he government is not required to prove that a defendant knew the exact nature of the substance with which he was dealing; it is sufficient that he was aware that he possessed some controlled substance." *González*, 700 F.2d at 200. Similarly, the court in *Morales, supra*, held: "[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate Section 841(a)(1); it is sufficient that he be aware that he possesses some controlled substance." *Morales*, 577 F.2d at 776. Knowledge that an imported substance is a controlled one satisfied the element of specific intent required under the statute. *United States v. Jewell*, 532 F.2d 697 (9th Cir.) (en banc), *cert. denied*, 426 U.S. 951,

96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). Appellant's contention is thus without merit and the conviction is affirmed.

AFFIRMED.