976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred Bryant GRUBE, Defendant-Appellant.
 No. 91-10456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Sept. 16, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and VON DER HEYDT,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 * Defendant Fred Bryant Grube was found guilty of two counts of interstate transportation of money obtained by fraud, in violation of 18 U.S.C. § 2314. Grube argues on appeal that the district court abused its discretion in giving the government's requested jury instruction; abused its discretion by allowing the government to cross-examine Grube regarding his default on loan payments and involvement in civil suits; and improperly imposed multiplicative sentencing on the two counts. We affirm Grube's conviction because the district court did not abuse its discretion in giving the government's requested jury instruction. We also affirm Grube's conviction because the district court did not abuse its discretion in allowing the allegedly improper cross-examination. Finally, we conclude the district court did not improperly sentence Grube, as the two counts were not multiplicative.
 
 II
 
 4
 Grube contends that in giving the government's requested jury instruction number eight, the court all but directed a verdict against him. Grube argues that there was no evidence adduced at trial to indicate that he ordered or directed any employee to act on his behalf. Grube concludes the district court should have given an aiding and abetting instruction.
 
 
 5
 The government requested a jury instruction whereby Grube could be found guilty as a principal provided the jury found to be true beyond a reasonable doubt that the acts or conduct of an employee, agent or codefendant were wilfully ordered or directed, or wilfully authorized or consented to by Grube. The jury heard two versions of what occurred, that of the government's witnesses and that of Grube's. The government's witnesses testified that Grube personally solicited three individuals to become involved in the "gold bar" transaction. While utilizing false names and remaining in the background, Grube requested his agents to find purchasers for the gold bars and to make the sales on his behalf.
 
 
 6
 The jury instruction in this case did not in essence require the jury to return something akin to a directed verdict. First, the jury instruction was a correct statement of the law. The Ninth Circuit does not include in its manual of model criminal jury instructions, the instruction that was given in this case. However, that does not render the jury instruction, as given, an incorrect statement. The introduction to the Ninth Circuit manual recognizes that the suggested instructions are models and are not intended to be pattern instructions. Further, the instruction given was supported by the evidence in the record. Grube's associates were not aiders and abettors within the purview of 18 U.S.C. § 2(a) or as described in the Manual of Model Criminal Jury Instructions for the Ninth Circuit § 5.01 (1989 Edition). Finally, if the jury were unable to find from the evidence the elements necessary to convict Grube as a principal, the jury would have returned a different verdict.
 
 
 7
 In regard to the alleged error of the district court in giving a suppression or fabrication instruction as requested by the government, the jury instruction did not run into the pitfalls found in United States v. Morales, 577 F.2d 769, 722 (2d Cir.1978). The given instruction stressed that the fabrication or suppression of evidence is to be considered with other evidence in determining guilt or innocence, and that it is up to the jury to determine the significance of the evidence. After hearing Grube's testimony and the testimony of the government's witnesses, the jury's guilty verdict indicated the jury did not believe Grube's testimony. The court did not abuse its discretion in giving the government's requested jury instructions regarding causation, and the fabrication or suppression of evidence.
 
 III
 
 8
 Grube objects to his cross-examination by the government where the court allowed questions regarding Grube's defaults on loans and his involvement in civil lawsuits. The government submits that such questioning was appropriate to show motive for the crime. The record indicates that the government's cross-examination was used to elicit evidence about possible motive. Questions directed to elicit the presence of motive are always a legitimate subject of inquiry. Pointer v. United States, 151 U.S. 396, 414, 14 S.Ct. 410 (1894). Further, the record indicates that during closing argument the government was careful to explain to the jury that the information elicited was solely to show motive for the crime and not to imply any form of improper conduct. The district court did not abuse its discretion by allowing the government to cross-examine Grube regarding his default on loan payments and involvement in civil lawsuits.
 
 IV
 
 9
 Grube contends that counts one and three of the indictment involve the same alleged scheme to defraud, that the events occurred on the same day, the monetary difference was slight and the parties involved were identical. Grube was sentenced to three years incarceration for count one. For count three, Grube was placed on five years probation.
 
 
 10
 The government counters that the wire transfer of $119,805 requested of Nevada National Bank in Las Vegas to be transferred to the Phoenix, Arizona bank for the account of Investment Metals Advisory was charged in count one of the indictment. The transfer of the $115,000 in Grube's suitcase from Phoenix, Arizona to Albuquerque, New Mexico formed the basis of count three. The government submits that count three was not multiplicative.
 
 
 11
 An indictment may not charge a single offense in several counts without offending the rule against multiplicity. United States v. UCO Oil Company, 546 F.2d 833, 835 (9th Cir.1976), cert. denied, 430 U.S. 966, 97 S.Ct. 1646 (1977). An indictment cannot divide a single transportation into a multiple offense but it can treat a series of transportations occurring within a specified time period as separate offenses. United States v. Carter, 804 F.2d 508, 511 (9th Cir.1986).
 
 
 12
 In the present case, count one treated as one offense the transportation of $119,805 from a bank in Las Vegas wired to the Phoenix bank and then to Investment Metals Advisory. At this point it was not in Grube's hands. Count three refers to the transfer by Grube of the $115,000 from Phoenix, Arizona to Albuquerque, New Mexico. The court correctly concluded that the counts were not multiplicitous and correctly sentenced Grube.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James A. von der Heydt, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3