**UNITED STATES of America,**
Appellee,

v.

**Clyde BAXTER, Defendant–Appellant.**

No. 08–1655–cr.

United States Court of Appeals, Second Circuit.

Dec. 17, 2008.

Frank J. Riccio II (Frank J. Riccio, of counsel), Bridgeport, CT, for Defendant–Appellant.

Harold H. Chen, Assistant United States Attorney (Nora R. Dannehy, United States Attorney, on the brief, William J. Nardini, Assistant United States Attorney, of counsel), Office of the United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant Clyde Baxter appeals from an April 3, 2008 judgment of the District Court, convicting him, after a jury trial, of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The District Court sentenced Baxter principally to a term of 120 months in prison. On appeal, Baxter makes two central arguments: (1) that the District Court erred in instructing the jury that Baxter had to know he possessed a "controlled substance" without specifying that the controlled substance had to be cocaine base, and that the evidence was insufficient to support his conviction. We assume the parties' familiarity with the factual and procedural history of the case.

(1) "We review a claim of error in jury instructions *de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir.2003). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir.1994).

Upon a review of the record, we conclude the jury instruction contained no error. We have previously held that "the law is settled that a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is sufficient that he be aware that he possesses some controlled substance." *United States v. Morales,* 577 F.2d 769, 776 (2d Cir.1978). More recently, we reiterated the *Morales* holding in *United States v. King,* noting that it is a "settled principle that a conviction under § 841 rests squarely on the knowing possession of some quantity of illegal drugs (and not the knowledge of type and quantity)." 345 F.3d 149, 152 (2d Cir.2003) (per curiam). Accordingly, we find no error in jury instructions that stated that the government must prove that Baxter knew that he possessed a controlled substance, and did not specifically refer to cocaine base or crack cocaine.

(2) We have held that a defendant challenging a conviction on insufficiency-of-the-evidence grounds "bears a heavy burden." *United States v. Masotto,* 73 F.3d 1233, 1241 (2d Cir.1996). We consider the evidence presented at trial in the light most favorable to the government, and "must uphold the jury's verdict if we find that *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hardwick,* 523 F.3d 94, 100 (2d Cir.2008) (quoting *United States v. Lewter,* 402 F.3d 319, 321 (2d Cir.2005)). Furthermore, we have held that the testimony of a single accomplice is sufficient to sustain a conviction so long as the "testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Florez,* 447 F.3d 145, 155 (2d Cir.2006) (quoting *United States v. Parker,* 903 F.2d 91, 97 (2d Cir.1990)).

Upon a review of the record, it is clear that there is sufficient evidence to sustain Baxter's conviction. Baxter's nephew and co-defendant, Abdul Baxter, testified that he watched as Baxter "cooked the cocaine up" into crack. J.A. at 199. Abdul then testified that he and Baxter packaged the cocaine base, drove it to a parking lot, at which point Baxter delivered the cocaine base to the undercover police officer. *Id.* at 200–06. Additionally, the undercover police officer testified that Baxter handed him the packaged cocaine base and that he then paid Baxter $900 for the drugs. *Id.* at 154–55. Accordingly, we conclude that when viewed in the light most favorable to the government, a reasonable jury could have found that Baxter knew what he possessed and distributed was cocaine base, and thus, there is sufficient evidence to uphold his conviction.

## CONCLUSION

We reject all of defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED.**