09-4094-cr
*USA v. Soerbotten*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand ten.

PRESENT:    GUIDO CALABRESI
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            PAUL A. CROTTY,
                        *District Judge*.[*]

---

UNITED STATES OF AMERICA,
            *Appellee*,

    -v.-                                   No. 09-4094-cr

TRULS SOERBOTTEN,
            *Defendant-Appellant*.

---

                        GLENN W. FALK, New Haven Legal Assistance Association, Inc.,
                        New Haven, Connecticut, *for Defendant-Appellant*.

                        SREEVAMSHI C. REDDY, Assistant United States Attorney (Susan
                        Corkery, Assistant United States Attorney, *on the brief*), *for* Loretta
                        E. Lynch, United States Attorney, Eastern District of New York,
                        Brooklyn, New York, *for Appellee*.

---

[*]The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Truls Soerbotten ("Soerbotten") appeals from a September 25, 2009 judgment of the United States District Court for the Eastern District of New York (Dearie, *C.J.*), convicting him, after trial by jury, of one count of importation of a controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(A), and one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), and sentencing him to 60 months' imprisonment on each count, to run concurrently, a five year term of supervised release, and a $100 special assessment on each count. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Soerbotten's sole argument on appeal is that the district court erred by constructively amending the grand jury indictment in its charge to the jury. The superseding indictment charging Soerbotten specified, in relevant part, that both counts "involved 100 grams or more of a substance containing heroin, a Schedule I controlled substance." J.A. 14. The evidence adduced at trial, however, demonstrated that Soerbotten believed the controlled substance he was transporting to be cocaine. In its charge to the jury, the district court instructed, *inter alia*, that both "heroin and cocaine are controlled substances within the meaning of the law," J.A. 18, and it was sufficient for the Government to prove that Soerbotten knew he was transporting *some* controlled substance, even if he believed it was cocaine, and not heroin. *See id.* Soerbotten argues that, in so doing, the district court constructively enlarged the grand jury indictment, by failing to "specify that in order to be convicted . . . the defendant had to have the intent to import heroin rather than cocaine." Appellant's Br. 6.

Generally, "[w]e exercise *de novo* review of a constructive amendment challenge, which is a *per se* violation of the Grand Jury Clause of the Fifth Amendment." *United States v. Rigas*, 490 F.3d 208, 225-26 (2d Cir. 2007) (internal citation omitted). Given that Soerbotten did not object to the jury charge below, however, "he may prevail on this argument only by establishing plain error." *United States v. Vebeliunas*, 76 F.3d 1283, 1291 (2d Cir. 1996). Plain error review requires a defendant to demonstrate, *inter alia*, "that (1) there was error, (2) the error was 'plain,' [and] (3) the error prejudicially affected his 'substantial rights.'" *United States v. Flaherty*, 295 F.3d 182, 195 (2d Cir. 2002) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). A constructive amendment is, however, "*per se* prejudicial" for the purpose of the third prong of plain error review. *United States v. Thomas*, 274 F.3d 655, 671 (2d Cir. 2001). Nevertheless, we find no error in this case, plain or otherwise.

To demonstrate constructive amendment, a defendant must show that either the proof at trial or the district judge's instruction "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005) (quoting *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003)). "The challenged alteration must affect an essential element of the offense," *United States v. Rosenthal*, 9 F.3d 1016, 1021 (2d Cir. 1993) (internal quotation marks omitted), and we have "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial," *United States v. Jespersen*, 65 F.3d 993, 1001 (2d Cir. 1995) (internal quotation marks omitted). Further, a defendant asserting a constructive amendment challenge must demonstrate "a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by

3

the grand jury." *United States v. Clemente*, 22 F.3d 477, 482 (2d Cir. 1994). Soerbotten has failed to satisfy this burden.

It is well established that knowledge of the specific type of controlled substance is not an essential element of the drug offenses for which Soerbotten was convicted. *See, e.g., United States v. Abdulle*, 564 F.3d 119, 126 (2d Cir. 2009); *United States v. Morales*, 577 F.2d 769, 776 (2d Cir. 1978) ("[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate [21 U.S.C.] § 841(a)(1); it is sufficient that he be aware that he possesses some controlled substance."). Here, "the only variance alleged . . . is the exact nature of the substance involved, heroin or cocaine." *United States v. Knuckles*, 581 F.2d 305, 311 (2d Cir. 1978). Evidence adduced at trial demonstrated that Soerbotten knew he was transporting a controlled substance; the only disputed issue was his knowledge of *which* controlled substance he was importing. Moreover, based on the quantity of drugs in his possession, Soerbotten was subject to the same statutory sentencing scheme whether he possessed heroin or cocaine. *See* 21 U.S.C. §§ 841(b)(1)(B), 960(b)(2)(A).

Since the nature of the controlled substance at issue – heroin or cocaine – affected "neither the Government's case nor the sentence imposed," any variance "cannot have prejudiced the ability of the defendant[] to make [his] defense." *Knuckles*, 581 F.2d at 311; *cf. United States v. Wozniak*, 126 F.3d 105, 111 (2d Cir. 1997). The charges against Soerbotten arose from a "specific transaction occurring on a specific date," *Wozniak*, 126 F.3d at 111, and the "time, place, people, and object proved at trial [were] in all respects those alleged" in the indictment, *Knuckles*, 581 F.2d at 311. Soerbotten was "sufficiently apprised of the charges" laid against him, *id.*, such that he was given adequate notice of the "core of criminality" to be proved at trial. *See Jespersen*, 65 F.3d at 1001.

4

Nor can we say that Soerbotten has demonstrated a "substantial likelihood that [he] may have been convicted of an offense other than that charged in the indictment." *Thomas*, 274 F.3d at 671.

We have considered all of Soerbotten's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk