09-5373-cr
United States v. Arias

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand ten.

PRESENT:   PIERRE N. LEVAL,
           GUIDO CALABRESI,
           GERARD E. LYNCH,
                     *Circuit Judges*.

---

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                     No. 09-5373-cr

BALMES MANUEL ARIAS,
                              *Defendant-Appellant*.

---

FOR APPELLANT:              Jesse M. Siegel, New York, New York.


FOR APPELLEE:              Andrew E. Goldsmith, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York (Carol B. Amon, *District Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction is AFFIRMED.

Defendant-Appellant Balmes Manuel Arias appeals from his conviction, following a jury trial, of importing heroin, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(A), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i). We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented on this appeal.

At trial, Arias did not dispute that he possessed the heroin in question. Instead, he testified that he unwittingly transported and possessed the heroin after agreeing with a woman he met in the secure area of the airport in the Dominican Republic to bring boxes of cologne, purportedly purchased at the airport's duty free shop, to someone in the United States. The jury rejected this defense and convicted Arias. On appeal, Arias argues that the jury lacked sufficient evidence to support the inference that Arias knowingly and intentionally imported or possessed with intent to distribute a controlled substance.

"As we have repeatedly observed, a defendant raising an appellate challenge to the sufficiency of the evidence supporting a conviction faces a 'heavy burden,' because we must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." United States v. Gaskin, 364 F.3d 438, 459 (2d Cir.

2

2004).  In this context, we will reverse a conviction only "if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt."  Id. at 459-60.  For the reasons set forth below, Arias's sufficiency argument fails to meet this heavy burden.

Upon Arias's arrival at the customs checkpoint at John F. Kennedy Airport, a customs officer engaged Arias in routine questions.  The officer testified that Arias "seemed extremely nervous," that it was hard for him to maintain eye contact, and that Arias was "sweating profusely and seemed fidgety."  Arias was directed to an examination table and his bags were x-rayed.   Upon examining the x-ray, the officer noticed that the contents of a box of cologne Arias was carrying did not appear to be liquid.  The officer opened the box, and found an item wrapped in masking tape inside.  The agent cut into the item and noticed a strong odor of vinegar that he recognized as being consistent with heroin.  As that officer was examining the contents of the cologne box, which did in fact contain heroin, another officer approached.  That officer also noticed that Arias was nervous and that there was a smell of vinegar, and asked Arias if he was "bringing in drugs."  The officer testified that Arias responded "I think so."  The officer testified that he asked Arias again if he was bringing in drugs, and Arias responded "yes, yes, yes."

These statements, along with Arias's "possession of the heroin concealed in his baggage . . . and . . . his visible nervousness during the search, were more than legally sufficient to establish his guilt," United States v. Forlorma, 94 F.3d 91, 93 (2d Cir. 1996),

3

and, in particular, that Arias knowingly imported and possessed the drugs with which he was caught. Cf. id. ("[N]otwithstanding that there were factors that distinguished Forlorma from the customary drug courier, the jury was perfectly entitled to discredit Forlorma's claims of ignorance, especially because the testimony about his nervousness tended to contradict his claim." (footnote omitted)).

Arias argues that the officer misunderstood his Spanish when he responded to the officers' questions, and that he only responded in the affirmative after it became obvious that the package contained drugs. However, the jury was entitled to credit the officer's testimony that Arias admitted that he was importing drugs into the country and infer that Arias had known all along that the boxes of cologne contained drugs. See United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010) ("Where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." (internal alterations and quotation marks omitted)). Moreover, the jury heard Arias testify to his version of the facts, and was entitled to determine his credibility.

Finally, we note that Arias's reliance on United States v. Morales, 577 F.2d 769 (2d Cir. 1978), is unavailing, because that case, distinguishable on its facts, did not address a sufficiency of the evidence argument. See id. at 771 ("Appellant does not contend that the evidence adduced at trial was insufficient to convict.").

4

We have considered Arias's remaining arguments, and find them to be without merit.  For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court