PUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

RICHARD LESTER KLECKER,
　　　　　　*Defendant-Appellant.*

⎫
⎬
⎭

No. 02-4961

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-02-68)

Argued: September 26, 2003

Decided: October 27, 2003

Before WILKINS, Chief Judge, and HAMILTON,
Senior Circuit Judge.*

Affirmed by published opinion. Chief Judge Wilkins wrote the opinion, in which Senior Judge Hamilton joined.

## COUNSEL

**ARGUED:** David Wayne Bouchard, Chesapeake, Virginia, for Appellant. Laura P. Tayman, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Norfolk, Virginia, for

---

*This appeal is decided by Chief Judge Wilkins and Senior Judge Hamilton as a quorum.

Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Norfolk, Virginia, for Appellee.

## OPINION

WILKINS, Chief Judge:

Richard Lester Klecker was convicted of two offenses involving distribution of 5-methoxy-N,N-diisopropyltryptamine (commonly called "Foxy"). Although Foxy was not listed as a controlled substance when the offenses occurred, the Government alleged that Foxy was an analogue of diethyltryptamine (DET), a schedule I controlled substance, and that Klecker's activities were therefore unlawful under the Controlled Substance Analogue Enforcement Act of 1986 ("Analogue Act"), *see* 21 U.S.C.A. §§ 802(32), 813 (West 1999 & Supp. 2003).[1] Klecker maintains that the Analogue Act is unconstitutionally vague and that, in any event, Foxy is not an analogue of DET. We affirm.

I.

In March 2002, Klecker was indicted for multiple drug trafficking offenses, including conspiracy to distribute Foxy and other substances,[2] *see* 21 U.S.C.A. § 846 (West 1999), and distribution of Foxy to a person under 21 years of age, *see* 21 U.S.C.A. § 859 (West 1999). Klecker moved to dismiss the indictment, asserting that the Analogue Act is unconstitutionally vague on its face and as applied to Foxy. After hearing two days of testimony, the district court held that the Analogue Act is not vague. The court further found that Foxy is in

---

[1]After Klecker was indicted, the Drug Enforcement Administration used its emergency powers to add Foxy to schedule I for one year. *See* Schedules of Controlled Substances, 21 C.F.R. § 1308.11(g)(7) (2003), WL 21 CFR s 1308.11.

[2]One of the substances listed in the indictment was alpha-methyltryptamine (AMT), which was alleged to be an analogue of alpha-ethyltryptamine. Klecker has not raised any claims relating to AMT in this appeal.

fact an analogue of DET. Following this ruling, Klecker pled guilty to conspiracy and distribution to a person under age 21. Klecker reserved the right to appeal both the denial of his motion to dismiss and the finding that Foxy is a controlled substance analogue.

## II.

Congress enacted the Analogue Act to prevent underground chemists from altering illegal drugs in order to create new drugs that are similar to their precursors in effect but are not subject to the restrictions imposed on controlled substances. *See United States v. Hodge*, 321 F.3d 429, 432 (3d Cir. 2003). The Act defines a "controlled substance analogue" as

> a substance—
>
> (i)   the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii)   which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii)   with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C.A. § 802(32)(A). The Act further provides that "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." 21 U.S.C.A. § 813.

Klecker contends that the definition of a controlled substance analogue is so indeterminate that it renders the Analogue Act void for

vagueness. He further claims that Foxy is not sufficiently similar to DET to qualify as an analogue.

## A.

We turn first to Klecker's vagueness claim. Klecker asserts that the Analogue Act is impermissibly vague both on its face and as applied to Foxy. Facial vagueness challenges to criminal statutes are allowed only when the statute implicates First Amendment rights. *See United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002). Accordingly, we will only consider the "as applied" challenge.

"The void-for-vagueness doctrine requires that penal statutes define crimes so that ordinary people can understand the conduct prohibited and so that arbitrary and discriminatory enforcement is not encouraged." *United States v. McLamb*, 985 F.2d 1284, 1291 (4th Cir. 1993). In evaluating whether a statute is vague, a court must consider both whether it provides notice to the public and whether it adequately curtails arbitrary enforcement. *See Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983) (stating, in the context of a facial challenge, that preventing arbitrary enforcement is "the more important aspect of the vagueness doctrine").

The requirement of preventing arbitrary enforcement is easily satisfied here. In order to show an Analogue Act violation, the Government must prove (1) substantial *chemical* similarity between the alleged analogue and a controlled substance, *see* 21 U.S.C.A. § 802(32)(A)(i); (2) actual, intended, or claimed *physiological* similarity (in other words, that the alleged analogue has effects similar to those of a controlled substance or that the defendant intended or represented that the substance would have such effects), *see id.* § 802(32)(A)(ii), (iii); and (3) *intent* that the substance be consumed by humans, *see id.* § 813. *Cf. Hodge*, 321 F.3d at 436-39 (interpreting § 802(32)(A)). The intent requirement alone tends to defeat any vagueness challenge based on the potential for arbitrary enforcement. *See United States v. Carlson*, 87 F.3d 440, 444 (11th Cir. 1996).

The question of whether the statute provides adequate notice is closer. Klecker claims that the phrases "chemical structure" and "substantially similar" do not provide adequate guidance to a person trying

to determine whether one molecule resembles another closely enough to qualify as an analogue. Indeed, the testimony presented below illustrates that even experts can disagree about whether two molecules have chemical structures that are substantially similar; the Government's experts relied primarily on their structural diagrams of Foxy and DET and concluded that they were similar, while Klecker's expert compared several different properties of the two molecules (including weight, shape, and the relative amounts of different types of atoms) and found significant differences.

Notwithstanding this indeterminacy in § 802(32)(A), other courts of appeals have unanimously rejected vagueness challenges to Analogue Act prosecutions.[3] While these cases are not directly on point because they concerned substances other than Foxy and DET, they are nevertheless instructive to the extent that they identify factors pertinent to our analysis. In particular, *United States v. McKinney* teaches that it is useful to compare chemical diagrams of the controlled substance and the alleged analogue. *See United States v. McKinney*, 79 F.3d 105, 108 (8th Cir. 1996), *vacated on other grounds*, 520 U.S. 1226 (1997).

The diagrams admitted into evidence during the hearing on Klecker's motion demonstrate considerable similarities between Foxy and DET, particularly when compared to other substances that might be consumed for their psychoactive effects. Although there are important differences between Foxy and DET, the similarities in their structures would put a reasonable person on notice that Foxy might be regarded as a DET analogue, particularly if that person intended (as Klecker plainly did) that Foxy be ingested as a hallucinogen.

---

[3]*See United States v. Orchard*, 332 F.3d 1133, 1137-38 (8th Cir. 2003); *United States v. Washam*, 312 F.3d 926, 930-32 (8th Cir. 2002); *United States v. Fisher*, 289 F.3d 1329, 1333-39 (11th Cir. 2002), *cert. denied*, 537 U.S. 1112 (2003); *Carlson*, 87 F.3d at 443-44; *United States v. McKinney*, 79 F.3d 105, 108 (8th Cir. 1996), *vacated on other grounds*, 520 U.S. 1226 (1997); *United States v. Hofstatter*, 8 F.3d 316, 321-22 (6th Cir. 1993) (per curiam); *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990); *United States v. Desurra*, 865 F.2d 651, 653 (5th Cir. 1989) (per curiam).

Finally, we note that the district court heard testimony that Klecker was actually aware that Foxy was a controlled substance analogue. Some courts have concluded that a defendant who had actual notice that his conduct was unlawful cannot prevail on a vagueness challenge. *See, e.g.*, *United States v. Washam*, 312 F.3d 926, 930 (8th Cir. 2002); *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 990 (7th Cir. 1999). We need not decide this question, however, because we conclude that the Analogue Act would not be unconstitutionally vague as applied to Foxy even with respect to a defendant who lacked actual notice.

B.

Klecker next claims that the district court erred in finding that Foxy is an analogue of DET. We disagree.

Initially, we note some uncertainty about the procedural posture of this claim. Whether a particular substance qualifies as a controlled substance analogue is a question of fact. *See United States v. Fisher*, 289 F.3d 1329, 1333 (11th Cir. 2002), *cert. denied*, 537 U.S. 1112 (2003). Questions of fact are generally reviewed for clear error. *See United States v. Elie*, 111 F.3d 1135, 1144 (4th Cir. 1997). We are not certain, however, that this factual question was properly in issue in the district court. The only hearing held in the district court concerned Klecker's motion to dismiss the indictment, and we doubt that an indictment would be subject to dismissal on the ground that one of its essential allegations was false. *Cf. Costello v. United States*, 350 U.S. 359, 363 (1956) (holding that defendant was not entitled to dismissal of indictment based on inadequacy or incompetence of evidence presented to grand jury). We are therefore inclined to construe this claim as a challenge to the adequacy of the factual basis underlying Klecker's plea, which we would review for abuse of discretion, *see United States v. Martinez*, 277 F.3d 517, 531 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002).

Ultimately, we need not resolve this question; Klecker conceded at oral argument that he is not entitled to de novo review, and we conclude that the finding of the district court should be affirmed under any deferential standard of review. In its very careful opinion, the district court summarized the evidence from the hearing as follows:

"Foxy" and DET share the same core arrangement of atoms, known as tryptamine. Tryptamine is the core element of a number of hallucinogenic drugs. DET is created by adding two ethyl groups (two carbon chain) to the tryptamine core. "Foxy" is produced by adding a methoxy group (CH3O) to the number 5 carbon in the phenyl ring (6 carbon ring) and changing the diethyl groups (two carbon chain) of DET to diisopropyl (three carbon chain with a branching structure) . . . . The Court finds that the substitutions to "Foxy" and DET, while not identical, are substantially similar. The tryptamine core is intact and therefore identical in the two compounds, and the remaining elements are substantially similar.

J.A. 536 (footnote omitted); *see also id.* (explaining that the term "substitutions" refers to additions to the tryptamine core). The court further noted that Foxy and DET have comparable hallucinogenic effects. The record contains ample evidence supporting these conclusions. Accordingly, we affirm the finding of the district court that Foxy is a DET analogue.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*