**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4756

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANTANA JADE CLINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:07-cr-00133-GBL)

Submitted:  June 10, 2008                Decided:  July 25, 2008

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel W. Meekins, Jr., WOLCOTT, RIVERS & GATES, P.C., Virginia Beach, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Stephanie Bibighaus Hammerstrom, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santana Jade Cline appeals from her conviction for trafficking in false authentication features for use in a false identification document, in violation of 18 U.S.C.A. § 1028(a)(8), (b)(2)(A), and (c)(3)(B) (West 2000 & Supp. 2008). Cline contends the district court abused its discretion in denying her motion to withdraw her guilty plea. Because our review of the record discloses no reversible error, we affirm.

After a guilty plea has been entered, a defendant may withdraw the plea only if she can show a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). This court reviews the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003). When considering whether to permit a defendant to withdraw a guilty plea, a district court must evaluate:

> (1) whether the defendant has offered credible evidence that [her] plea was not knowing or not voluntary (2) whether the defendant has credibly asserted [her] legal innocence (3) whether there has been a delay between the entering of the plea and the filing of the motion (4) whether defendant has had close assistance of competent counsel (5) whether withdrawal will cause prejudice to the government and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Although all of these factors are to be given appropriate weight, the most important consideration is the first - whether the plea was knowing and voluntary. To determine this, the court must

-2-

assess whether the Rule 11 colloquy was properly conducted and the plea was both counseled and voluntary. See Bowman, 348 F.3d at 413-14. Cline claims her Rule 11 proceeding was fatally flawed because the stipulated facts included in her plea agreement were not sufficient to constitute a violation of 18 U.S.C.A. § 1028(a)(8).

In evaluating the first Moore factor, this court closely scrutinizes the plea colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding was adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A district court is not required to "replicate" a trial, and need only to be "subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). The district court possesses wide discretion in making such a determination and may rely on any evidence in the record to conclude that a sufficient factual basis exists. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

During the Rule 11 hearing, the district court noted that the plea agreement included a Statement of Facts, which Cline stipulated were correct. In the Statement of Facts, Cline conceded

that although the license in question contained the disclaimer "NOT A GOVERNMENT DOCUMENT" on the back, the New York Department of Motor Vehicles ("New York DMV") had concluded that the "format, layout and features of the card looked similar to a genuinely-issued New York state license." The card contained a number of features that the New York DMV uses to determine whether a license is counterfeit, including a New York state seal, color blending, and bar codes. The New York DMV concluded these features were false authentication features, "as they appeared to be genuine but were not."

While Cline now contends the disclaimer on the license negated any appearance of issuance by a state authority, her claim is merely an attempt to refute her admissions at the Rule 11 hearing. The issue of the disclaimer was addressed in the Statement of Facts, where Cline conceded that in spite of the disclaimer, the New York DMV had concluded the license "looked similar to a genuinely-issued New York state license." By conceding this fact, Cline provided the district court with adequate evidence to conclude the licence qualified as a "false identification document," pursuant to § 1028(d)(4), as its appearance was sufficiently similar to a genuine New York state license.[1] The district court was entitled to rely on Cline's

_____

[1]Pursuant to 18 U.S.C.A. § 1028(a)(8), the evidence must demonstrate that Cline "knowingly traffic[ked] in false or actual authentication features for use in false identification documents

-4-

concession on this point, and Cline cannot be permitted to simply retract an admission made under oath at the Rule 11 hearing.  See Bowman, 348 F.3d at 417.

Cline also contends that she could not have knowingly and voluntarily pleaded guilty to a violation of 18 U.S.C.A. § 1028(a) because it is unconstitutionally overbroad and vague.  Because Cline raised no challenge before the district court to the constitutionality of the statute, her claims are reviewed for plain error.  Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).  Cline asserts the definitions of "authentication feature," pursuant to § 1028(d)(1), and "false authentication feature," pursuant to § 1028(d)(5)(C), are unconstitutionally overbroad, as they could be interpreted to allow prosecution of private clubs or organizations that use authentication features in their identification cards.  Cline further contends § 1028(d)(5)(C) is unconstitutionally vague, as the statute "fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited."

While Cline raises a facial challenge to various subsections of 18 U.S.C.A. § 1028, claims of statutory vagueness

---

. . . or means of identification."  The term "false identification document" is defined as a "document of a type intended or commonly accepted for purposes of identification of individuals that . . . appears to be issued by or under the authority of . . . a State."  18 U.S.C.A. § 1028(d)(4)(B).

that do not implicate the First Amendment "must be examined in the light of the facts of the case at hand." United States v. Sun, 278 F.3d 302, 309 (4th Cir. 2002) (quoting United States v. Mazurie, 419 U.S. 544, 550 (1975)). Furthermore, outside of the limited context of the First Amendment, a criminal statute may not be attacked as overbroad. See Schall v. Martin, 467 U.S. 253, 268 n.18 (1984); United States v. Morison, 844 F.2d 1057, 1075 (4th Cir. 1988). Cline attempts to present her claim as a First Amendment challenge by asserting the statute would have a chilling effect on the association rights of organizations that use identification cards with authentication features similar to those employed in her cards. However, Cline fails to recognize that prosecution under § 1028(a)(8) covers only the use of authentication features in documentation that appears to be issued by a governmental entity.[2]

Thus, because no First Amendment freedom is affected, Cline's overbreadth claim must fail. Further, Cline's vagueness attack on § 1028(a)(8) is confined to "the facts of the case at hand." Sun, 278 F.3d at 309. The court's review is therefore limited to whether Cline herself had fair notice that the statute

---

[2]Under § 1028(d)(1), an "authentication feature" is defined as a feature used by the "issuing authority" to determine whether the document is counterfeit. Pursuant to § 1028(d)(6), an "issuing authority" is limited specifically to governmental entities. See also 18 U.S.C.A. § 1028(d)(4) (defining "false identification document" as a false version of a document used for identification that appears to be issued by a governmental agency).

-6-

proscribed her conduct. See United States v. Hsu, 364 F.3d 192, 196 (4th Cir. 2004). Citing § 1028(d)(5)(C), Cline contends the term "false authentication feature" is not defined so that "ordinary people can understand what conduct is prohibited," thereby encouraging "arbitrary and discriminatory enforcement." However, we find that, because all of the terms employed in § 1028(a) are specifically defined under § 1028(d), the language of the statute prevents arbitrary enforcement and provided adequate notice of the wrongfulness of Cline's conduct. See United States v. Klecker, 348 F.3d 69, 71 (4th Cir. 2003).

In addition, Cline conceded in the Statement of Facts included in her plea agreement that all of her actions were "knowing and deliberate, and were not committed by mistake, accident, or other innocent reason."[3] Cline also admitted that she supplied order forms to her customers requiring them to sign a disclaimer certifying that they were not law enforcement agents. Therefore, we hold that the language of 18 U.S.C.A. § 1028(a)(8) was not unconstitutionally vague as applied to Cline. Accordingly, we find that Cline has offered no credible evidence that her plea was not knowing and voluntary.

---

[3]Pursuant to § 1028(a)(8), a defendant must "knowingly traffic[]" in false or actual authentication features for use in false identification documents. See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982) (scienter requirement may mitigate vagueness of statute).

Cline next asserts, in regard to the second <u>Moore</u> factor, that the district court erred in finding she had not asserted her legal innocence. In attempting to withdraw from a guilty plea, a defendant is not required to provide conclusive proof of innocence; however, the defendant's credible assertion of her legal innocence is one of the factors the district court must consider. <u>Moore</u>, 931 F.2d at 248. Cline claims that, while she may have been unclear in expressing her concerns about the plea, she sufficiently asserted she was not guilty of the charge. We disagree. At the hearing on her motion to withdraw the plea, Cline made a number of allegations about the performance of her attorney and requested new counsel. However, Cline made no clear statement claiming innocence of the charged offense. While Cline expressed a desire to proceed to trial and noted that she had contacted another attorney who felt she had a "triable case," she never stated she was innocent of the charge under § 1028(a)(8), only that she had "enough proof . . . not [to] get convicted of that." Furthermore, even assuming Cline's statements could be held to constitute an assertion of innocence, she has not demonstrated that her assertions were credible.[4] See <u>United States v. Sparks</u>, 67 F.3d 1145, 1153 (4th

_____

[4]While Cline notes she was denied an acceptance of responsibility reduction even after the district court held that she had not asserted a claim of legal innocence, the fact that a defendant has entered a guilty plea does not entitle her to that adjustment "as a matter of right." <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 3E1.1, comment. (n.3) (2006). A defendant who falsely denies or frivolously contests her relevant conduct has

Cir. 1995). Accordingly, the district court did not err in finding that Cline made no credible assertion of innocence.

The third factor examined by the district court is "whether there has been a delay between the entering of the plea and the filing of the motion." Moore, 931 F.2d at 248. The district court found a delay between the entry of Cline's plea and the motion to withdraw her plea, noting she raised the matter on "the eve of sentencing," when the case was no longer ready for trial. While Cline concedes there was a delay, she contends this was due to her continuing efforts to obtain new representation. However, Cline's motion to appoint new counsel was filed more than two months after her plea hearing. The delay in this case was significant, as the motion to withdraw the plea was filed nearly three months after Cline's Rule 11 hearing and only three days before her sentencing hearing. See Moore, 931 F.2d at 249. Accordingly, this factor does not weigh in Cline's favor.

The fourth Moore factor is whether the defendant had close assistance of competent counsel. 931 F.2d at 248. A defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that, in the absence of

"acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1, comment. (n.1(a)). Although Cline did not make a credible claim of innocence in support of her motion to withdraw her plea, the district court found she had still failed to fully accept the illegality of her enterprise. Accordingly, there was no incongruity in the district court's rulings.

counsel's errors, it was reasonably probable the defendant would not have pled guilty and would have proceeded to trial. <u>Bowman</u>, 348 F.3d at 416 (citations omitted). On appeal, Cline contends that her counsel failed to challenge the constitutionality of § 1028(a)(8), never inspected a large number of documents she gave him, and merely reviewed the charges and possible mandatory minimum sentence before convincing Cline to accept the plea agreement. However, as we have held, the constitutional challenge lacked merit, and Cline provided no evidence to support her other allegations. Furthermore, Cline's claims are contradicted by her sworn statements at the Rule 11 hearing, during which she stated she had sufficient time with her attorney to review her case and her plea agreement and was satisfied with his efforts on her behalf. <u>See</u> <u>United States v. Ubakanma</u>, 215 F.3d 421, 425 (4th Cir. 2000). Therefore, the district court properly found this factor did not weigh in Cline's favor.

The remaining two <u>Moore</u> factors are whether withdrawal would prejudice the Government or inconvenience the court and waste judicial resources. 931 F.2d at 248. While Cline notes there was little evidence in the record regarding these factors, the lack of demonstrated prejudice is not dispositive. <u>See</u> <u>id.</u> at 249. Even if these factors weighed in Cline's favor, they are not enough to outweigh the countervailing factors that militate against granting the motion to withdraw her plea. <u>See</u> <u>Sparks</u>, 67 F.3d at 1154.

Therefore, we find the district court properly assessed the <u>Moore</u> factors and that its decision to deny Cline's motion to withdraw her guilty plea was not an abuse of discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>