**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16–4013**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

JOSEPH K. NEWBOLD,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:05-cr-00262-TDS-1)

---

Argued: January 24, 2017                         Decided: April 25, 2017

---

Before GREGORY, Chief Judge, KING, Circuit Judge, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished opinion. Chief Judge Gregory wrote the opinion, in which Judge King and Senior Judge Davis joined.

---

**ARGUED:** Matthew Cloutier, James Lathrop, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** John J. Korzen, Director, Kaitlin M. Price, Third-Year Law Student, Mackenzie M. Salenger, Third-Year Law Student, Appellate Advocacy Clinic, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Elissa Hachmeister,

Third-Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Chief Judge:

In September 2005, Joseph Newbold pleaded guilty to one count of dealing a controlled substance analogue. After a series of post-conviction proceedings, he received a resentencing hearing and new sentence on December 14, 2015.

Newbold now appeals the sentence he received. He contends that his sentence is substantively unreasonable, and that the sentencing court failed to take into consideration his post-conviction conduct and medical needs. He also contends for the first time on appeal that his conviction should be vacated because, based on an intervening Supreme Court case, *United States v. McFadden*, 135 S. Ct. 2298 (2015), the indictment, plea colloquy, and factual basis for the plea agreement failed to establish that he satisfied the knowledge element of the crime.

For the reasons below, we affirm Newbold's conviction and sentence.

I.

In July 2005, Newbold was indicted for, among other crimes, one count of distributing a controlled substance analogue. He pleaded guilty in September 2005 to the distribution charge, as well as money laundering and being a felon in possession of a firearm. At Newbold's plea colloquy, the district judge asked Newbold if he understood that the government had to prove the following: that Newbold "willfully, knowingly, and intentionally distributed 5.3 grams of a mixture containing a detectable amount of 5-MeO-AMT, which is a controlled substance, and with the intent for human consumption; and that [he] knew that what [he] w[as] distributing was some kind of controlled

3

substance." J.A. 53. The prosecutor then clarified, and the judge accepted, that 5-MeO-AMT was a controlled substance analogue. Newbold then stipulated that there were enough facts for the court to determine that he fulfilled each of the crime's elements. J.A. 60. The district judge also read aloud the plea agreement's written factual basis, which stated that Newbold sold "fifty gel capsules containing a substance represented to be like 'Ecstasy.'" J.A. 32.

Under then-binding precedent, *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), Newbold qualified for a sentencing enhancement on his firearm-possession charge under the Armed Career Criminal Act, and was sentenced to 225 months. He unsuccessfully appealed his sentence and then challenged his sentencing enhancement in protracted habeas proceedings. During the course of Newbold's proceedings, we overruled *Harp* in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). In March 2015, applying *Simmons* retroactively, *see Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), we held that Newbold did not qualify for the armed-career-criminal sentencing enhancement, and we remanded his case for resentencing.

In June 2015, the Supreme Court issued *McFadden*, which clarified the knowledge element for the crime of distributing a controlled substance analogue. At the time of Newbold's conviction, the government could satisfy this element by showing only that Newbold intended for the substance to be consumed by humans. *United States v. Klecker*, 348 F.3d 69, 71 (4th Cir. 2003). The *McFadden* Court, however, rejected that standard. It held that, to convict someone of dealing a controlled substance analogue, the government must also show that "the defendant knew that the substance was controlled

4

under the [Controlled Substances Act] or the Analogue Act, even if he did not know its identity." 135 S. Ct. at 2302.

Newbold's resentencing hearing occurred on December 14, 2015. The parties agreed that the proper Sentencing Guidelines range was 151 to 188 months. Newbold neither challenged his underlying conviction nor raised *McFadden* at his hearing. Instead, he requested only a downward variance to 143 months because of his chronic Hepatitis C and his post-conviction conduct. His statement included attachments from his physician indicating that he was nonresponsive to the treatment he received, Newbold's request for a different treatment that he believed would be more effective, the prison's denial of his request, a certificate from the prison's law library for his work, and Newbold's request that the judge increase his time at a Residential Recovery Center so he could receive medical treatment more quickly.

In support of his request for a downward variance, Newbold also emphasized his exemplary behavior while incarcerated. During the 10.5 years of his incarceration, he worked in the law library for seven years, receiving a commendation; had not failed a single alcohol or drug test; attended church, Bible, and music groups; played piano for eight years; was approved for minimum security; and had a stable home environment, including a wife, mother, and adult son to return to. The prosecutor, on the other hand, emphasized an infraction Newbold had received while incarcerated and the fact that Newbold's current offense was his seventeenth drug conviction.

The judge ultimately denied the request for a downward variance and sentenced Newbold to 165 months, the middle of the applicable range. The judge considered

Newbold's Hepatitis C, including its severity, Newbold's ability to receive his requested medication, and whether Newbold had exhausted the internal appeals process for requesting the medication. The judge also emphasized the seriousness of Newbold's crimes and criminal history, and noted that he wanted the sentence to reflect the offense's seriousness, promote respect for the law, and protect the public from potential future drug offenses. The judge stated the following:

> [W]hy would somebody with your talents and abilities have even done this in the first place, and what have you learned, and why won't you do it again? I still have some concern about that, and I hope that your sentence . . . has caused you to appreciate the need to protect the public from polluting other people with these drugs that you are or were distributing.

J.A. 141. And lastly, the judge concluded, "I appreciate the problem with your Hepatitis C, and I hope that it holds off long enough so that when you are released, you can get whatever treatment you wish to get." J.A. 146.

Newbold timely appeals his sentence and challenges his underlying conviction for the first time on appeal.

## II.

We first examine Newbold's challenge to his conviction, and then turn to his sentencing appeal.

### A.

Relying on *McFadden*, Newbold argues that the indictment, plea colloquy, and factual basis for his plea agreement fail to show that he had sufficient knowledge of the

6

elements of his crime to be convicted for dealing a controlled substance analogue. We first examine whether we are procedurally barred from reviewing Newbold's claims. Finding no such barrier, we next determine whether the plea colloquy or factual basis for his plea agreement demonstrate sufficient knowledge to support his guilty plea. Under plain-error review, we hold Newbold's guilty plea, as informed by the plea colloquy, was knowing and intelligent, and therefore valid. Because his guilty plea was valid, we are procedurally barred from examining the indictment.

1.

The government highlights two procedural barriers that we review in turn: law-of-the-case doctrine and waiver.

Law-of-the-case doctrine ensures that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988)). As a result, once an appellate court establishes a decision of law either explicitly or implicitly, *see United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993), the decision "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal," *Aramony*, 166 F.3d at 661 (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). Here, law-of-the-case doctrine does not bar Newbold's challenge to his conviction because no prior appellate decision implicitly or explicitly resolved the issue.

When Newbold appealed his sentence in 2007, he challenged the sentencing enhancements he received as a career offender and armed career criminal, and he argued

that his sentence violated his confrontation and jury-trial rights. *United States v. Newbold*, 215 F. App'x. 289, 291 (4th Cir. Jan. 31, 2007) (unpublished). We affirmed his sentence on all counts. In his subsequent habeas petition, Newbold argued, among other claims, that the indictment failed to allege a proper offense "because it did not state what Schedule I substance 5-MeO-AMT is associated with as an analogue." *Newbold v. United States*, 2009 WL 2243642, at *11 (M.D.N.C. July 27, 2009) (unpublished). The district court decided that this claim failed. *Id.* We then granted a certificate of appealability on only Newbold's challenge to his sentencing enhancement, which we affirmed. And the Supreme Court vacated that decision and remanded the case to us in light of then-recent circuit precedent, i.e., *Simmons* and *Miller*. *Newbold v. United States*, 134 S. Ct. 897 (Jan. 13, 2014) (mem.). In sum, no appellate court has decided whether, under *McFadden* or *Klecker*, Newbold's indictment, plea colloquy, or factual basis for his plea agreement established that he had sufficient knowledge of the elements of his crime. Thus, no prior decision of law now binds our examination of this question.[*]

We next turn to waiver. We are barred from reviewing waived claims, but we may review forfeited claims. "[F]orfeiture is the failure to make the timely assertion of a right, [while] waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*,

---

[*] Even if a prior appellate decision had found that Newbold demonstrated sufficient knowledge under *Klecker*, law-of-the-case doctrine does not apply when controlling authority has changed on a decision of law applicable to the issue. *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009). As a result, Newbold's claim likely still would not have been barred.

304 U.S. 458, 464 (1938)). Although the term "waiver" is often used broadly, it applies only in a narrow set of instances: when a party "identifies an issue, and then explicitly withdraws it." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014).

Here, Newbold neither challenged his underlying conviction at his resentencing hearing nor brought *McFadden* to the sentencing court's attention. He did not waive his claim; he forfeited it by failing to raise it in a timely manner. Thus, we may review his challenge for plain error. *See Olano*, 507 U.S. 733–34.

## 2.

Before turning to the substance of Newbold's claim, we briefly address retroactivity. As a new rule of statutory interpretation, *McFadden* applies to Newbold's case because "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). A case is final only when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6. "[A] final judgment of conviction includes both the adjudication of guilt (or 'conviction') and the sentence." *In re Gray*, 850 F.3d 139, 141 (4th Cir. 2017). Here, Newbold's sentence is not yet final, as his direct appeal from his sentence is before us. As a result, his judgment is not final, and *McFadden* is retroactively applicable to his case.

We now consider whether Newbold's guilty plea and plea colloquy demonstrated sufficient knowledge of the elements of the crime. Under plain-error review, Newbold must establish that (1) an error occurred, (2) the error is plain, and (3) the error affected

9

his substantial rights. *Olano*, 507 U.S. at 732. And even if Newbold satisfies these three requirements, the Court should correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

A guilty plea is constitutionally valid "only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant making the plea must have "sufficient awareness of the relevant circumstances and likely consequences." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). To intelligently make a guilty plea, the defendant must be advised by competent counsel, aware of the nature of the charge against him, and in control of his mental faculties. *Brady v. United States*, 397 U.S. 742, 756 (1970).

In *McFadden*, the Supreme Court held that when a defendant is charged with dealing a controlled substance analogue, the government must show that "the defendant knew that the substance was controlled under the [Controlled Substances Act] or the Analogue Act, even if he did not know its identity." *McFadden*, 135 S. Ct. at 2302. The Court noted two ways by which the government can satisfy this knowledge element: (1) evidence that a defendant knew the substance he was dealing was or was treated like a controlled substance; or (2) evidence that the defendant knew the substance had a chemical structure similar to a controlled substance, and either (a) had a stimulant, depressant, or hallucinogenic effect on the central nervous system similar to a controlled

10

substance, or (b) was represented or intended to have such an effect on a person. *Id.* at 2305.

Here, the factual basis for Newbold's plea states that he sold "fifty gel capsules containing a substance represented to be like 'Ecstasy.'" J.A. 32. The judge read this factual basis aloud during Newbold's plea colloquy. Also at the plea colloquy, the district court asked Newbold if he understood that the government had to prove the following: that Newbold "willfully, knowingly, and intentionally distributed 5.3 grams of a mixture containing a detectable amount of 5-MeO-AMT, which is a controlled substance, and with the intent for human consumption; and that [he] knew that what [he was] distributing was some kind of controlled substance." J.A. 53. Newbold admitted that he was guilty of this crime. J.A. 57. The government's attorney clarified, and the judge accepted, that 5-MeO-AMT was a controlled substance analogue. J.A. 58-59. And then Newbold stipulated that the factual basis for his plea had enough information for the district court to make a determination of guilt based on these elements. J.A. 60.

Newbold argues that his plea colloquy and the factual basis for his plea agreement fail to show that he knew that 5-MeO-AMT was chemically similar to a controlled substance. In so doing, Newbold fixates on *McFadden*'s second method of demonstrating sufficient knowledge. Had *McFadden* identified only this second method, Newbold's likelihood of success might have been higher; at least in the plea colloquy and factual basis for his plea agreement, the evidence displaying Newbold's knowledge of 5-MeO-AMT's chemical structure was anemic. But Newbold fails to address the *McFadden* Court's first method of demonstrating sufficient knowledge: proffering

11

evidence that the defendant knew the substance he was dealing was or was treated like a controlled substance. And here, the facts recited above adequately demonstrate evidence of such knowledge. The government's clarification that 5-MeO-AMT was a controlled substance analogue does not change the fact that Newbold knew that what he was distributing was or was treated like a controlled substance. And Newbold does not argue that his counsel advised him incompetently or that he lacked control of his mental faculties when he made these admissions.

Newbold's plea is not unintelligently made or otherwise invalid solely because, after his guilty plea was entered, the law changed in a way that would have modified Newbold's assessment of the government's case and his decision to plead guilty. In *Brady v. United States*, Brady asserted that his guilty plea was involuntary because he felt coerced to take it by his fear of facing the death penalty, a punishment the Supreme Court later invalidated for his crime. 397 U.S. at 743-46. The Supreme Court rejected this argument. "[A]bsent misrepresentations or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 757. There, where counsel competently advised Brady based on the law applicable when he pleaded guilty, a later change in the law that would have modified Brady's assessment did not render the plea vulnerable to attack.

Similarly, *McFadden*'s clarification of the crime's knowledge element does not render Newbold's guilty plea invalid. Like in *Brady*, Newbold's lawyer competently advised Newbold of the law applicable at the time he pleaded guilty. Newbold might

believe that the government would have been less likely to obtain a conviction against him at trial under the new standard of proving knowledge than under the old standard. But like in *Brady*, this minor modification in Newbold's assessment of the government's likelihood of success at trial does not render his plea invalid. Because Newbold's lawyer adequately advised him of the law applicable at the time he pleaded guilty, and because-- for the reasons stated *supra*--the clarification of the knowledge element would not have changed Newbold's likely outcome, we cannot conclude that an error, let alone a plain error, occurred. As a result, his guilty plea was valid and his conviction is affirmed.

Newbold also alleges that the underlying indictment lacked sufficient facts demonstrating knowledge to support his charged offense. But an intelligent and voluntary guilty plea waives arguments regarding defects in the indictment. *See United States v. Cotton*, 535 U.S. 625, 631 (2002) (stating that defects in indictment are not jurisdictional); *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (finding that valid guilty plea waives nonjurisdictional errors). Because Newbold's guilty plea was valid, he has waived any challenge to defects in the indictment.

## B.

Lastly, we consider Newbold's challenge to the substantive reasonableness of his sentence. We review a district court's sentence for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Howard*, 773 F.3d 519, 527-28 (4th Cir. 2014). A sentence's reasonableness "largely depend[s] upon the specific facts of each case and the district court's consideration and application of the [18 U.S.C.] § 3553(a) factors to those facts." *United*

*States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006). A within-Guidelines sentence is presumptively reasonable. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012).

Newbold contends that his 165-month sentence is substantively unreasonable because it fails to take into consideration his exemplary post-conviction conduct and his medical needs. But examining the totality of the circumstances, especially under a deferential standard of review, reveals that Newbold cannot overcome the presumption that his within-Guidelines sentence is reasonable. The judge considered both Newbold's post-conviction record and Hepatitis C. Yet the judge also explained that, despite these mitigating factors, he was concerned with Newbold's prior criminal history, and with the need for Newbold's sentence to reflect the seriousness of the offense, promote respect of the law, provide punishment, and protect the public from future crime. *See* 18 U.S.C. § 3553(a).

It is unfortunate that, under the Bureau of Prisons' policy, Newbold's Hepatitis C is not serious enough to warrant the treatment he requests. But it would be an unwarranted expansion of our role to undertake an appraisal of the Bureau of Prisons' policy on Hepatitis C treatment in the context of a challenge to the reasonableness of a sentence. Without improperly second-guessing responsible executive branch officials, we express confidence that Newbold will receive all appropriate medical treatment based on his condition and in keeping with the applicable standards of care, under both medical practice norms and, equally important, the Eighth Amendment. But as his claim stands, we cannot say that the district court imposed a sentence that was substantively unreasonable when it considered the full facts of Newbold's situation, including his

14

mitigating and aggravating circumstances, and concluded that a within-Guidelines sentence was reasonable.

## III.

For these reasons, Newbold's conviction and the district court's sentence are

*AFFIRMED.*