**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4454**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN LARSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:16-cr-00125-PX-1)

Submitted: June 27, 2018            Decided: September 4, 2018

Before WYNN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Kelly O. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Justin Larson of eight offenses related to his possession with intent to distribute and distribution of controlled substances and controlled substance analogues, in violation of 21 U.S.C. §§ 813, 841, 846 (2012). One of the offenses was the distribution of a controlled substance analogue resulting in death, in violation of 21 U.S.C. §§ 813, 841(a)(1), (b)(1)(C). The district court sentenced Larson to life imprisonment for the distribution resulting in death conviction and concurrent terms of 30 years' imprisonment for the other seven convictions. Larson now appeals, arguing that the district court plainly erred by admitting certain expert opinion testimony, that the Controlled Substance Analogue Enforcement Act of 1986 ("Analogue Act"), 21 U.S.C. §§ 802(32)(A), 813 (2012), is unconstitutionally vague, and that the Government failed to introduce sufficient evidence to support his conviction for possession with intent to distribute a controlled substance analogue, specifically furanyl fentanyl ("Count 9"). Finding no merit in these contentions, we affirm.

Because Larson failed to raise in the district court the first two arguments on appeal, we review those issues for plain error only. To establish plain error, Larson must demonstrate that (1) the district court committed an error; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). An error is plain if it is "clear or obvious," *id.*, under "the settled law of the Supreme Court or this circuit . . . at

2

the time of appellate consideration," *United States v. White*, 836 F.3d 437, 447 (4th Cir. 2016) (internal quotation marks omitted).

Larson first contends that the district court plainly erred by admitting expert opinion testimony concerning the chemical structure similarities of fentanyl and both acetyl fentanyl and furanyl fentanyl. Even assuming that the district court erred in admitting the expert's testimony, we conclude that any error is not plain. Larson fails to cite a single decision precluding the Government from admitting similar expert testimony on the substantial similarity of chemical structures in an Analogue Act prosecution. Larson similarly fails to cite any decision holding that the two-dimensional diagram comparison method the expert witness utilized is unreliable and inadmissible under Fed. R. Evid. 702, and *Daubert v. Merrell Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579 (1993).

In contrast, we have approvingly cited similar expert witness testimony to reject a defendant's challenge to the sufficiency of the evidence supporting his conviction under the Analogue Act. *United States v. McFadden* (hereinafter, "*McFadden I*"), 753 F.3d 432, 438, 444-46 (4th Cir. 2014), *vacated on other grounds and remanded*, 135 S. Ct. 2298 (2015); *see also United States v. Klecker*, 348 F.3d 69, 71-73 (4th Cir. 2003), *overruled on other grounds by McFadden v. United States*, 135 S. Ct. 2298, 2306 (2015). In addition, other circuits have held similar expert opinion testimony admissible. *See United States v. Carlson*, 810 F.3d 544, 549, 553 (8th Cir. 2016); *United States v. Brown*,

3

415 F.3d 1257, 1267-68 (11th Cir. 2005).   Against this backdrop, we conclude that

Larson has not established plain error in the admission of the expert's opinion testimony.[1]

Larson next argues that the Analogue Act is unconstitutionally vague in light of

*Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding that residual clause of

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) (2012), is

unconstitutionally vague).   Before the Supreme Court decided *Johnson*, we twice rejected

similar vagueness challenges to the Analogue Act.   *McFadden I*, 753 F.3d at 439-40;

*Klecker*, 348 F.3d at 71-72.   Those cases "only consider[ed] the 'as applied' challenge" to

the act because, we said, "[f]acial vagueness challenges to criminal statutes are allowed

only when the statute implicates First Amendment rights."   *Klecker*, 348 F.3d at 71;

*McFadden I*, 753 F.3d at 439.

After *Johnson*, at least, we know that a statute that doesn't raise First Amendment

problems may nevertheless be impermissibly vague on due process grounds.   *Compare*

*Johnson*, 135 S.Ct. at 2556–57 (the government violates due process when it "tak[es]

---

[1] Insofar as Larson contends that the expert's testimony was confusing based on her use of certain analogies, we find Larson's argument unconvincing.  The expert's analogies did not suggest that the substances (fentanyl, acetyl fentanyl, and furanyl fentanyl) functioned in the same way because they have similar chemical structures. Rather, the expert's testimony concerned the structures of the substances themselves, not their functioning.   In any event, even if the expert's use of analogies was plainly objectionable, we conclude that particular testimony did not affect the outcome of Larson's trial given the expert's other testimony and the introduction of the chemical structure diagrams.  *See United States v. Stone*, 866 F.3d 219, 225 (4th Cir. 2017) (recognizing that, in ordinary case, error affects defendant's substantial rights only if defendant shows that "it affected the outcome of the district court proceedings" (internal quotation marks omitted)).

away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement") *with id.* at 2580–81 (Alito, J., dissenting) (arguing that the majority decision "flatly contravene[d]" the rule that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined on an as-applied basis" (internal quotation marks omitted)). So we haven't yet had the opportunity to answer the question of whether the Analogue Act may be facially void for vagueness in *Johnson*'s wake.

But *Johnson* didn't address the constitutionality of the Analogue Act, and the Supreme Court recognized in that case that statutes using undefined, "qualitative standard[s]," such as the Analogue Act, may pass constitutional muster. 135 S. Ct. at 2561; *see also Sessions v. Dimaya*, 138 S. Ct. 1204, 1214 (2018). In contrast to the ACCA's now-defunct residual clause, which required judges to apply a qualitative standard "to a judicially imagined ordinary case of a crime," *Johnson*, 135 S. Ct. at 2557 (internal quotation marks omitted), the Analogue Act requires a fact finder to apply a qualitative analysis to the real-world chemical structures of alleged analogues and identified controlled substances. *See also McFadden*, 135 S. Ct. at 2307 (recognizing that Analogue Act's scienter requirement "alleviates vagueness concerns, narrows the scope of the [Act's] prohibition, and limits prosecutorial discretion") (alterations and internal quotation marks omitted).

Moreover, this circuit hasn't said (and nor has any other) that the Analogue Act is constitutionally infirm. Whether the Act is on its face sufficiently definite to "provide a

5

person of ordinary intelligence fair notice of what is prohibited," *United States v. Williams*, 553 U.S. 285, 304 (2008), may be a question worthy of consideration in an appropriate case. *See Klecker*, 348 F.3d at 72 (recognizing that "experts can disagree about whether two molecules have chemical structures that are substantially similar"); *United States v. Makkar*, 810 F.3d 1139, 1142–43 (10th Cir. 2015) (Gorsuch, J.) ("It's an open question, after all, what exactly it means for chemicals to have a 'substantially similar' chemical structure—or effect."). But we are obliged to review Larson's unpreserved challenge to the Analogue Act for plain error. And because "the settled law of the Supreme Court or this circuit" doesn't establish that an error has occurred, we reject Larson's challenge. *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013).

Finally, Larson challenges the sufficiency of the evidence supporting his conviction on Count 9. Specifically, Larson argues that the Government failed to introduce evidence establishing that furanyl fentanyl meets the statutory definition of a "controlled substance analogue."[2] We review de novo "a challenge to the district court's

---

[2] A "controlled substance analogue" is a substance:

(i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;

(ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

(iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the

(Continued)

6

denial of a motion for acquittal based on sufficiency of the evidence." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). "The standard for reversing a jury verdict of guilty is a high one: the Court does so only where the prosecution's failure is clear." *United States v. Perry*, 757 F.3d 166, 175 (4th Cir. 2014) (internal quotation marks omitted). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (emphasis and internal quotation marks omitted). "In determining whether there is substantial evidence to support a verdict, we defer to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." *United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014) (internal quotation marks omitted).

"[V]iewing the evidence . . . in the light most favorable to the Government," *Perry*, 757 F.3d at 175, we conclude that substantial evidence supports Larson's conviction on Count 9. *See United States v. McFadden* (hereinafter, "*McFadden II*"), 823 F.3d 217, 223 (4th Cir. 2016) (describing elements of offense). Regarding furanyl fentanyl's chemical structure, the Government's expert witness testified that furanyl

---

stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

fentanyl has a substantially similar chemical structure to fentanyl, a Schedule II controlled substance, 21 C.F.R. § 1308.12(c)(9) (2018). The Government also introduced chemical structure diagrams supporting the expert's testimony. As to whether furanyl fentanyl has a substantially similar "actual, intended, or claimed physiological effect" to that of a Schedule I or II controlled substance, *McFadden II*, 823 F.3d at 223, a witness who purchased furanyl fentanyl from Larson testified that the substance is a depressant that provides a high similar to heroin, a Schedule I controlled substance, 21 C.F.R. § 1308.11(c)(11) (2018). According to that witness, Larson also represented that furanyl fentanyl provided the same high as acetyl fentanyl, which was classified as a Schedule I controlled substance by that time, 21 C.F.R. § 1308.11(b)(3) (2018). Moreover, after Larson's arrest, he wrote a letter to a potential furanyl fentanyl buyer describing the substance as "ten times stronger than heroin" (J.A. 459),[3] which established that Larson was familiar with the intended physiological effects of the substance. We therefore conclude that substantial evidence supports Larson's conviction on Count 9.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] "J.A" refers to the joint appendix filed by the parties in this appeal.